1  David L. Cheng (SBN 240926)
dcheng@fordharrison.com
2  Min K. Kim (SBN 305884)
mkim@fordharrison.com
3  FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
4  Los Angeles, CA  90071
Telephone:    (213) 237-2400
5  Facsimile:    (213) 237-2401

6  Attorneys for Defendants,
LINCARE INC. and LINCARE PHARMACY
7  SERVICES INC.

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA

10

11  JENNIFER PROSTEK, an individual, on
behalf of herself and on behalf of other
12  persons similarly situated and aggrieved,

13  Plaintiff,

14  v.

15  LINCARE INC., a Delaware corporation;
LINCARE PHARMACY SERVICES
16  INC., a Delaware corporation; and DOES 1
through 50, inclusive,

17

18  Defendants.

19

20

21

22

23

24

25

26

27

28

CASE NO.

**DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1367(a), 1441(a), 1441(b), 1446 AND 1453**

Complaint Filed:  September 7, 2022
Removal Filed:    November 28, 2022

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:13598248.1

DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL

**TABLE OF CONTENTS**

**Page**

I.      PLEADINGS AND PROCESS, AND ORDERS ................................................................. 1

II.     TIMELINESS OF REMOVAL ..................................................................................... 2

III.    VENUE ........................................................................................................................ 2

IV.     INTRADISTRICT ASSIGNMENT ............................................................................. 2

V.      JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ................. 2

        A.      Citizenship of Parties ......................................................................................... 3

        B.      The Amount in Controversy Exceeds $5 Million and Plaintiff's

                Classes are More than 100 Class Members........................................................ 4

VI.     DEFENDANT LINCARE PHARMACY SERVICES INC. HAS CONSENTED

        TO THE REMOVAL .................................................................................................. 12

VII.    NOTICE OF REMOVAL .......................................................................................... 13

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Andrade v. Beacon Sales Acquisition, Inc.*,

5

   2019 WL 4855997 (C.D. Cal. Oct. 1, 2019) ................................................................................. 9

*Arias v. Residence Inn*,

6

   936 F.3d 920 (9th Cir. 2019) .................................................................................................... 5

*Behrazfar v. Unisys Corp.*,

7

   687 F. Supp. 2d 1199 (E.D. Cal. 2008) .................................................................................. 6

*Cagle v. C&S Wholesale Grocers, Inc.*,

8

   __ F.R.D. ___, 2014 WL 651923 (E.D. Cal. Feb. 19, 2014) ................................................ 6

*Cortez v. United Natural Foods, Inc.*,

9

   2019 U.S. Dist. LEXIS 31540 (N.D. Cal. Feb. 27, 2019) ............................................... 11, 12

*Dart Cherokee Basin Operating Co., LLC v. Owens*,

10

   574 U.S. 81 (2014) ................................................................................................................. 5

*Fritsch v. Swift Transp. Co.*,

11

   899 F.3d 785 (9th Cir. 2018) .............................................................................................. 11, 12

12

*Ibarra v. Manheim Investments, Inc.*,

   775 F.3d 1193 (9th Cir. 2015) .............................................................................................. 5

13

*Johnson v. Columbia Prop. Anchorage, LP*,

   437 F.3d 894 (9th Cir. 2006) ................................................................................................ 4

14

*Kanter v. Warner-Labert Co.*,

   265 F.3d 853 (9th Cir. 2001) .............................................................................................. 3, 4

15

*Kantor v. Wellesley Galleries, Ltd.*,

16

   704 F.2d 1088 (9th Cir. 1983) ............................................................................................. 3

*Kastler v. Oh My Green, Inc.*,

17

   2019 U.S. Dist. LEXIS 185484 (N.D. Cal. Oct. 25, 2019) .................................................. 12

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

18

   199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................................. 6

19

*Krug v. Wells Fargo Bank, N.A.*,

   2011 WL 6182341 (N.D. Cal. Dec. 13, 2011) ..................................................................... 2

20

*Luckett v. Delta Airlines, Inc.*,

21

   171 F.3d 295 (5th Cir. 1999) ................................................................................................ 6

*Mejia v. DHL Express (USA), Inc.*,

22

   2015 WL 2452755 (C.D. Cal. May 21, 2015) ..................................................................... 7

*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,

23

   526 U.S. 344 (1999) .............................................................................................................. 2

*Ramirez v. Benihana Nat'l Corp.*,

24

   2019 U.S. Dist. LEXIS 3537 (N.D. Cal. Jan. 8, 2019) ....................................................... 12

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,

25

   303 U.S. 283 (1938) .............................................................................................................. 5

26

**Federal Statutes**

27

28 U.S.C. § 84(b) ........................................................................................................................ 2

28

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

ii       DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

28 U.S.C. § 1332 ...................................................................................................................... 1
28 U.S.C. § 1332(c)(1) ............................................................................................................ 4
28 U.S.C. § 1332(d) ........................................................................................................ 1, 2, 4
28 U.S.C. § 1332(d)(2) .......................................................................................................... 3, 4
28 U.S.C. § 1332(d)(2)(A) ...................................................................................................... 4
28 U.S.C. § 1332(d)(3)-(5) ..................................................................................................... 3
28 U.S.C. § 1332(d)(5)(B) ...................................................................................................... 12
28 U.S.C. § 1332(d)(6) ........................................................................................................... 4
28 U.S.C. § 1367(a) ............................................................................................................... 1
28 U.S.C. § 1441(a) ....................................................................................................... 1, 2, 4
28 U.S.C. § 1441(b) ............................................................................................................... 1
28 U.S.C. § 1446 .......................................................................................................... 1, 3, 12
28 U.S.C. § 1446(b) ............................................................................................................... 2
28 U.S.C. § 1446(d) ............................................................................................................... 2
28 U.S.C. § 1453 ................................................................................................................... 1
28 U.S.C. § 1453(b) ............................................................................................................... 3

**State Statutes**

Cal. Code of Civil Procedure § 1021.5 ................................................................................. 11
Cal. Labor Code § 201 ........................................................................................................... 9
Cal. Labor Code § 202 ........................................................................................................... 9
Cal. Labor Code § 203 ........................................................................................................... 10
Cal. Labor Code § 226(a) ....................................................................................................... 10
Cal. Labor Code § 226(e)(1) .................................................................................................. 10
Cal. Labor Code § 226.7 ..................................................................................................... 7, 8
Cal. Labor Code § 512 ........................................................................................................ 7, 8
Cal. Labor Code § 1194 ......................................................................................................... 11
Cal. Labor Code § 2699 ......................................................................................................... 11
Cal. Labor Code § 2802 ......................................................................................................... 11

**Federal Rules**

Fed. R. Civ. Proc. 6(a) .......................................................................................................... 2

**Other Authorities**

E.D. Cal. L.R. 120(d) ............................................................................................................ 2
H.R. Rep. No. 112-10 ............................................................................................................ 5

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2   **EASTERN DISTRICT OF CALIFORNIA:**

3     **PLEASE TAKE NOTICE** that Defendant LINCARE INC. ("Lincare") hereby removes

4   the above-entitled action from the Superior Court of the State of California, County of Tulare, to

5   the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§

6   1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction),

7   1441(a), 1441(b), 1446 and 1453, based on the following facts:

8   **I.  PLEADINGS AND PROCESS, AND ORDERS**

9     1.  On September 7, 2022, Plaintiff Jennifer Prostek ("Plaintiff"), individually, and on

10  behalf of others similarly situated, filed a complaint against Defendants Lincare Inc. and Lincare

11  Pharmacy Services Inc. (collectively, "Defendants"), entitled "*JENNIFER PROSTEK, an*

12  *individual, on behalf of herself and on behalf of other persons similarly situated and aggrieved, v.*

13  *LINCARE INC., a Delaware corporation; LINCARE PHARMACY SERVICES INC., a Delaware*

14  *corporation; and DOES 1 through 50, inclusive*," in the Superior Court of California, County of

15  Tulare, Case No. VCU293223 (hereinafter, the "Complaint").  A true and correct copy of the

16  Complaint is attached to the Declaration of Min K. Kim, ¶ 2 ("Kim Decl.") as **<u>Exhibit A</u>**.  The

17  allegations in the Complaint are incorporated for reference in this notice of removal but are not

18  admitted.

19    2.  The Complaint alleges 10 causes of action which Plaintiff pursues on a class-wide

20  basis: (1) failure to provide required meal periods; (2) failure to provide required rest periods;

21  (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages

22  due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to

23  furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary

24  expenditures incurred in discharge of duties; (9) unfair and unlawful business practices; and

25  (10) penalties under the Labor Code Private Attorneys General Act. (*See generally* Ex. A. *supra*.)

26    3.  True and correct copies of the Summons, Civil Case Cover Sheet ("CCCS"), and

27  Alternate Dispute Resolution Package ("ADR") are attached to the Kim Decl. as **<u>Exhibit B</u>**.

28    4.  True and correct copies of Proofs of Service of Summons, Complaint, CCCS and

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:13598248.1      1    DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL

1  ADR are attached to the Kim Decl. as **Exhibit C**.

2       5.     Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process,

3  pleadings and orders received by Defendants or filed with the Court in this action. To

4  Defendants' knowledge, no further process, pleadings, or orders related to this case have been

5  filed in Superior Court of California, County of Tulare. (Kim Decl., ¶ 5.)

6  **II.     TIMELINESS OF REMOVAL**

7       6.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in

8  that it is filed within thirty (30) days after October 28, 2022, date on which Defendants were

9  served with the Complaint.  *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S.

10  344, 354 (1999).  The 30-day period for removal runs from the date of service of the summons

11  and complaint, as governed by state law.  *See id.*  Here, the last day for removal falls on

12  November 28, 2022, accounting for weekends and holidays.  *See* 28 U.S.C. § 1446(b); Fed. R.

13  Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D.

14  Cal. Dec. 13, 2011). Accordingly, this Notice of Removal has been timely filed within the time

15  provided by 28 U.S.C. § 1446(b).

16  **III.     VENUE**

17       7.     The United States District Court for the Eastern District of California is the proper

18  venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior

19  Court of the State of California for the County of Tulare, which is located within the Eastern

20  District of California. 28 U.S.C. § 84(b).

21  **IV.     INTRADISTRICT ASSIGNMENT**

22       8.     Pursuant to E.D. Cal. L.R. 120(d), this action should be "commenced in the United

23  States District Court sitting in Fresno, California, and in Bakersfield, California, Yosemite

24  National Park or other designated places within those counties" because the action arises in

25  Tulare County.

26  **V.     JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

27       9.     This Court has original jurisdiction over this case pursuant to the Class Action

28  Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d).  CAFA provides the federal district courts

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

2     DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1  with original jurisdiction over civil class action lawsuits filed under federal or state law in which

2  any member of a class of plaintiffs is a citizen of a state different from any defendant, and where

3  the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. §

4  1332(d)(2).

5       10.    Here, removal is proper under CAFA because, as set forth below, the case is filed

6  as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of

7  interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a

8  state different from Defendants.  The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not

9  applicable here.

10       11.    This action was initially brought on behalf of "all current and former non-exempt

11  employees of DEFENDANTS in the State of California at any time within the period beginning

12  four (4) years prior to the filing of this action and ending at the time this action settles or proceeds

13  to final judgment." (Compl., ¶ 5, Ex. A to Kim Decl., ¶ 2.)  The size of the class is unknown to

14  Plaintiff.  However, Plaintiff claims that the potential class is a significant number such that

15  joinder of all current and former employees individually would be impractical. (*Id.,* at ¶ 20.)

16      **A.**    **Citizenship of Parties**

17       12.    Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district

18  court of the United States in accordance with section 1446 (except that the 1-year limitation under

19  section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the

20  State in which the action is brought, except that such action may be removed by any defendant

21  without the consent of all defendants." CAFA's diversity requirement is satisfied when any

22  member of a class of citizens is a citizen of a State different from any defendant. 28 U.S.C.

23  § 1332(d)(2).

24       13.    For diversity purposes, a person is a "citizen" of the state in which he or she is

25  domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  A person's

26  domicile is the place he or she resides with the intention to remain, or to which he or she intends

27  to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

28       14.    Here, Plaintiff alleges that she "is a citizen and resident of the State of California."

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

3    DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1   (Compl., ¶ 7, Ex. A to Kim Decl.)  Accordingly, Plaintiff is a citizen of the State of California for

2   diversity purposes.  *Kanter*, 265 F.3d at 857.

3          15.     For purposes of CAFA, "a corporation shall be deemed to be a citizen of every

4   State and foreign state by which it has been incorporated and of the State or foreign state where it

5   has its principal place of business."  28 U.S.C. § 1332(c)(1); *see also*, *Johnson v. Columbia Prop.*

6   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

7          16.     Defendant Lincare Inc. is a corporation that is incorporated in and exists under the

8   laws of the State of Delaware, with its principal place of business in the State of Florida.

9   Accordingly, Defendant Lincare Inc. is a citizen of Florida and Delaware for purposes of

10   diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

11          17.     Defendant Lincare Pharmacy Services Inc. is a corporation that is incorporated in

12   and exists under the laws of the State of Delaware, with its principal place of business in the State

13   of Florida.  Accordingly, Defendant Lincare Pharmacy Services Inc. is a citizen of Florida and

14   Delaware for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

15          18.     The presence of Doe defendants in this case has no bearing on diversity with

16   respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

17   citizenship of defendants sued under fictitious names shall be disregarded").

18          19.     Here, diversity of citizenship is met because Plaintiff is a citizen of California

19   while Defendants are citizens of Florida and Delaware. Therefore, the minimal diversity

20   requirement is fully satisfied. *See*, 28 U.S.C. § 1332(d)(2)(A).

21       **B.**     **The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are**
          **More than 100 Class Members**

22

23          20.     CAFA requires the "matter in controversy" to exceed "the sum or value of

24   $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  "The claims of the

25   individual class members shall be aggregated to determine whether the matter in controversy

26   exceeds" this amount.  28 U.S.C. § 1332(d)(6).  Further, CAFA may only be invoked if the

27   proposed class contains at least 100 members.  28 U.S.C. § 1332(d).

28          21.     "In determining the amount in controversy, courts first look to the complaint.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

4     DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1    Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good

2    faith.'" *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *St. Paul*

3    *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  "Whether damages are unstated

4    in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears

5    the burden to show by a preponderance of the evidence that the aggregate amount in controversy

6    exceeds $5 million when federal jurisdiction is challenged." *Ibid.*

7         22.    Plaintiff has not alleged a specific amount in controversy in her Complaint.  A

8    "defendants' notice of removal need include only a plausible allegation that the amount in

9    controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v.*

10    *Owens*¸ 574 U.S. 81, 89 (2014).  If the plaintiff or the court contests a defendant's allegations,

11    however, "[e]vidence establishing the amount is required." (*Id.*)  As noted in *Dart Cherokee*:

12    "'[D]efendants do not need to prove to a legal certainty that the amount in controversy

13    requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional

14    threshold has been met.  Discovery may be taken with regard to that question.  In case of a

15    dispute, the district court must make findings of jurisdictional fact to which the preponderance

16    standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts

17    Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011).  *See also*

18    *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of

19    removal 'need not contain evidentiary submissions' but only plausible allegations of the

20    jurisdictional elements") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th

21    Cir. 2015)).

22         23.    Here, Lincare can plausibly allege, based on Plaintiff's Complaint and her prayer

23    for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million.

24    The assertions of Lincare herein are limited to their preliminary understanding of Plaintiff's

25    claims and data currently available to Lincare.

26         24.    Plaintiff has defined the proposed Class as "all current and former non-exempt

27    employees of DEFENDANTS in the State of California at any time within the period beginning

28    four (4) years prior to the filing of this action and ending at the time this action settles or proceeds

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

5    DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1    to final judgment." (Compl., ¶ 5, Ex. A to Kim Decl., ¶ 2.) (the "Proposed Class Members").

2    During the period of September 7, 2018 to November 28, 2022 (the date of removal) (hereinafter,

3    the "Relevant Time Period"), based on the personnel and payroll records of those whom Lincare

4    employed as hourly non-exempt employees during the Relevant Time Period, Lincare employed

5    at least 629 individuals in California as hourly, non-exempt employees. The employees in

6    question were employed full-time, and worked eight hours a day for 5 days a week.  Accordingly,

7    based on the employees' shift lengths and workweek schedules, it is reasonable to assume that all

8    629 employees in question are members of the Proposed Class Members.  Based on the Proposed

9    Class Members' personnel and payroll records, the average hourly rate of the Proposed Class

10   Members is $19.83 per hour.  As of the date of the removal, the Proposed Class Members worked

11   approximately 40,086 workweeks in the Relevant Time Period.

12          25.     While Lincare denies Plaintiff's claims of wrongdoing and denies her request for

13   relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages,

14   penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to

15   Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295,

16   298 (5th Cir. 1999).   "In measuring the amount in controversy, a court must assume that the

17   allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all

18   claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.

19   Supp. 2d 993, 1001 (C.D. Cal. 2002).   "When a '[d]efendant's calculations (are) relatively

20   conservative, made in good faith, and based on evidence whenever possible,' the court may find

21   that the '[d]efendant has established by a preponderance of the evidence that the amount in

22   controversy is met.'"  *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923,

23   *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05

24   (E.D. Cal. 2008) (citations omitted)).   Nor does Lincare need to provide summary judgment-type

25   evidence. *Cagle*, 2014 WL 651923, *7.

26          26.     Where a plaintiff alleges that a defendant "adopted and maintained uniform

27   policies, practices and procedures that caused the purported violations of California's [break laws]

28   … [i]t is not unreasonable to assume that when a company has unlawful policies and they are

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1    uniformly 'adopted and maintained,' then the company may potentially violate the law in each

2    and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, No. CV

3    15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015) (emphasis added).  In that

4    instance, the district court found that "a 100% violation rate is not an unreasonable assumption to

5    use in estimating the amount in controversy in light of the allegations in the complaint." *Id.*

6          27.     Here, Plaintiff alleges 10 causes of action: (1) failure to provide required meal

7    periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure

8    to pay minimum wages; (5) failure to pay all wages due to discharged and quitting employees; (6)

9    failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8)

10   failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9)

11   unfair and unlawful business practices; and (10) penalties under the Labor Code Private Attorneys

12   General Act, as representative actions. (*See generally* Ex. A. *supra*.)

13         28.     Plaintiff seeks unpaid wages, unpaid premium compensation, interest, penalties,

14   as well as attorneys' fees and costs.  Plaintiff seeks recovery of the aforementioned remedies for

15   all members of the Proposed Class.  (*See*, *e.g.*, *id.* at Prayer for Relief, ¶¶ 1-13.)

16   **Failure to Provide Meal Periods Claim**

17         29.     As for her First Cause of Action, Plaintiff alleges that "PLAINTIFF and other

18   similarly situated and aggrieved employees were given short meal breaks, provided meal breaks

19   late (after the fifth hour of work for the first meal period and/or after the tenth hour of work for

20   the second meal period), had their meal breaks interrupted, and/or were denied their meal breaks

21   entirely." (Compl., at ¶ 14, Ex. A to Kim Decl., ¶ 2.)  Plaintiff further alleges that "as part of

22   DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt

23   employees all wages earned and due, DEFENDANTS required, suffered or permitted

24   PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work

25   through them, and have failed to other provide the required meal periods to PLAINTIFF and

26   CLASS MEMBERS under Labor Code § 226.7 and 512, and IWC Wage Order No. 5-2001, § 11

27   (*Id*., at ¶ 22.)

28         30.     Based on her allegations, Plaintiff alleges that the Proposed Class Members were

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

7        DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1   prevented from taking any lawful meal breaks for each shift they worked because of Lincare's

2   illegal policies and practices. This type of allegation permits a reasonable assumption of a 100

3   percent violation rate, or 5 hours of pay per week for 5 days of missed meal breaks.  However,

4   using a conservative assumption that the Proposed Class Members were not provided with two

5   meal breaks per workweek (two out of five meal periods were missed, short, or late per week),

6   then based on the Proposed Class' average rate of pay ($19.83/hour) and their respective number

7   of workweeks (40,086 workweeks), the meal break violation claim alleges at least **$1,589,810.76**

8   ($19.83/hour x 2 hour x 40,086 workweeks) in damages.[1]

9   **Failure to Provide Rest Periods Claim**

10          31.     As for her Second Cause of Action, Plaintiff alleges that "DEFENDANTS

11  consistently failed to authorize and permit PLAINTIFF and other similarly situated and aggrieved

12  employees off-duty rest breaks, including failing to authorize and permit PLAINTIFF and other

13  similarly situated aggrieved employees to take rest breaks in the middle of each work period

14  insofar as practicable." (Compl., at ¶ 15, Ex. A to Kim Decl., ¶ 2.)  Plaintiff further alleges that

15  "as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-

16  exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to

17  PLAINTIFF and CLASS MEMBERS as required under Labor Code § 226.7 and 512, and IWC

18  Wage Order No. 5-2001, § 12." (*Id*., at ¶ 27.)

19          32.     Based on her allegations, Plaintiff is claiming that the Proposed Class Members

20  were prevented from taking any lawful rest breaks for each shift they worked because of

21  Lincare's illegal policies and practices. This type of allegation permits a reasonable assumption of

22  a 100 percent violation rate. However, using a conservative assumption that the Proposed Class

23  Members were not provided with two rest breaks per workweek **(merely a 20 percent violation**

24  **rate (two rest periods taken out of 10 rest periods owed per week))**, based on the Proposed

25  Class members' average rate of pay ($19.83/hour) and their respective number of workweeks

26  (40,086 workweeks), the rest break violation claim alleges at least **$1,589,810.76** ($19.83/hour x

27

28  [1]  The meal break calculation is also reasonable as it is only accounting for the alleged violation
    of the first meal break, not the second meal break.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

8          DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
            WSACTIVELLP:13598248.1

1    2 hour x 40,086 workweeks) in damages.

2    **Failure to Pay Minimum Wage**

3          33.     As for the Fourth Cause of Action, Plaintiff alleges that "DEFENDANTS failed to

4    pay PLAINTIFF and CLASS MEMBERS the applicable minimum wages for all hours worked in

5    a payroll period by, among other things: requiring, suffering or permitting PLAINTIFF and

6    CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and

7    CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording

8    time in which PLAINTIFF and CLASS MEMBERS worked…." (Complaint, ¶ 37.) Further,

9    Plaintiff alleges that "DEFENDANTS, and each of them, acted pursuant to, and in furtherance of,

10   their policies and practices of not paying PLAINTIFF and other CLASS MEMBERS all wages

11   earned and due, through methods and schemes which include, but are not limited to, failing to pay

12   overtime premiums…requiring, permitting or suffering the employees work off the clock, in

13   violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders."

14   (Complaint, ¶ 10.)  These allegations of unpaid wages due to "policies, practices, and procedures"

15   warrant an assumption of at least 30 minutes of unpaid wages per week. *See Andrade v. Beacon*

16   *Sales Acquisition, Inc*., Case No. CV 19-6963-CJC(RAOx), 2019 WL 4855997, at *3 (C.D. Cal.

17   Oct. 1, 2019) ("violation rate of one hour off-the-clock work and two hours of uncompensated

18   overtime per workweek was reasonable based on allegation of 'policy and/or practice'").

19         34.     Based on the applicable minimum wage and the accompanying liquidated

20   damages, if Proposed Class Members worked off the clock only 30 minutes per week, the amount

21   in controversy for this claim is **$521,118** ((40,086 workweeks x $13 per hour) x 30 minutes x 2

22   for liquidated damages).

23   **Failure to Timely Pay All Wages Due to Discharged and Quitting Employees**

24         35.     As for the Fifth Cause of Action, Plaintiff claims that "[d]uring the CLASS

25   PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to

26   PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and

27   202." (*Id.*, ¶ 15.)  Plaintiff further alleges that "[a]s a result, PLAINTIFF and CLASS MEMBERS

28   are entitled to all available statutory penalties, including the waiting time penalties provided in

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1    California Labor Code § 203, together with interest thereon, as well as other available remedies."

2    (*Id.* at ¶ 44.)

3        36.    Given the three-year statute of limitations for claims under section 203, at least

4    272 class members were terminated after September 7, 2019. The average daily shift for these

5    employees was eight hours in length. Assuming *arguendo* the truth of Plaintiff's allegations that

6    these employees are entitled to waiting time penalties, the amount in controversy is estimated to

7    be at least **$1,294,502.40** (272 terminations x $19.83/hour x 8 hours x 30 days).

8    **Failure to Furnish Accurate Itemized Wage Statements Claim**

9        37.    For the Seventh Cause of Action, Plaintiff alleges that "[d]uring the CLASS

10   PERIOD, DEFENDANTS routinely failed and continue to fail to provide PLAINTIFF and

11   CLASS MEMBERS with timely and accurate itemized wage statements in writing showing each

12   employee's gross wages earned, total hours worked, the number of piece-rate units earned and

13   any applicable piece rate if the employee is paid on a piece-rate basis, all deductions made, net

14   wages earned, the inclusive dates of the period for which the employee is paid, the name of the

15   employee and only the last four digits of his or her social security number or employee

16   identification number, the name and address of the legal entity or entities employing PLAINTIFF

17   and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

18   corresponding number of hours worked at each hourly rate, in violation of California Labor Code

19   § 226(a) and IWC Wage Order No. 5-2001, § 7." (*Id.*, at ¶ 50.)  Plaintiff further alleges that

20   "DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS

21   MEMBERS with timely and accurate itemized wage statements in accordance with Labor Code §

22   226(a). (*Id.*, at ¶ 51.)

23       38.    "An employee suffering injury as a result of a knowing and intentional failure by

24   an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages

25   or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

26   ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate

27   penalty of four thousand dollars ($4,000)." Cal. Labor Code ¶ 226(e)(1).

28       39.    Proposed Class Members received one wage statement every two weeks. Given

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1    the one-year statute of limitations for this claim, if every Proposed Class Member that worked

2    after September 7, 2021, is awarded $50 for the first pay period he or she worked, and $100 for

3    every pay period thereafter, then this claim puts **$557,250.00** at stake.

4          40.    The amount in controversy for *only* Plaintiff's first (meal break violation claim),

5    second (rest break violation claim), fourth (minimum wage claim), fifth (waiting time penalties)

6    and seventh (wage statement claim) causes of action is estimated to be at least **$5,552,491.92**,

7    exclusive of attorneys' fees and interest.

8          41.    Plaintiff also seeks an award of reasonable attorneys' fees and costs for the

9    Proposed Class Members pursuant to the California Labor Code §§ 1194, 2699, 2802, and

10   California Code of Civil Procedure § 1021.5. (*See* Prayer for Relief, Ex. A to Kim Decl.)  "[A]

11   court must include future attorneys' fees recoverable by statute or contract when assessing

12   whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d

13   785, 794 (9th Cir. 2018). "[I]f the law entitles the plaintiff to future attorneys' fees if the action

14   succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation,'

15   and the defendant may attempt to prove that future attorneys' fees should be included in the

16   amount in controversy." *Id.*

17         42.    Although *Fritsch* has rejected an automatic assumption that a 25 percent fee

18   recovery will be awarded in a wage and hour class action, the *Fritsch* court still permits use of a

19   "percentage based method" "when estimating the amount of attorneys' fees included in the

20   amount in controversy." *Id.*, at 796, n.6. District courts have recognized this important caveat in

21   *Fritsch*. *See Cortez v. United Natural Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540, *22-23 (N.D.

22   Cal. Feb. 27, 2019) ("while the Ninth Circuit refused to hold that a court must always use the

23   25% rate of the final award to determine future attorneys' fees, the Court did 'not hold that a

24   percentage-based method is never relevant when estimating the amount of attorneys' fees

25   included in the amount in controversy.'").

26         43.    The rule now is merely that a removing defendant cannot assume that such a

27   percentage will be awarded. As a result, several district courts, after *Fritsch*, have held that where

28   nothing about a wage and hour class action suggests that there would be a downward departure

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

11          DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

from the 25 percent benchmark, such a percentage is appropriate. *See Cortez*, 2019 U.S. Dist. LEXIS 31540, *23 (N.D. Cal. Feb. 27, 2019) (relying on *Fritsch*, holding that "[i]n the Court's experience, this appears to be a typical wage and hour class action to which courts in this Circuit would likely apply the 25% benchmark rate."); *Kastler v. Oh My Green, Inc.*, 2019 U.S. Dist. LEXIS 185484, *18 (N.D. Cal. Oct. 25, 2019) (following *Fritsch*, and holding that "[a]lthough Defendant provide[d] very little to support a 25% fee calculation," the court, relying "on its own knowledge of customary rates and [its] experience concerning reasonable and proper fees," found that it was reasonable); *Ramirez v. Benihana Nat'l Corp.*, 2019 U.S. Dist. LEXIS 3537, *6 (N.D. Cal. Jan. 8, 2019) ("While the Court acknowledges the 25% benchmark does not automatically apply in all cases, see *Fritsch*, 899 F.3d at 796…none of the factors counseling against the application of the 25% benchmark have been raised by plaintiffs, nor does the record before the Court otherwise reflect a departure from such benchmark is warranted.").

44.     Therefore, because nothing about this wage and hour class action suggests that a downward departure is warranted, this Court should consider attorneys' fees to be 25 percent of the fund. Considering the sum of the potential damages for only the first, second, fourth, fifth, and seventh causes of action are estimated to be at least $5,552,491.92, it is reasonable to assume *arguendo* that the potential attorneys' fees would be $1,388,122.98 ($5,552,491.92 x 25%) for these five causes of action. This calculation would put a total of **$6,940,614.90** in controversy ($5,552,491.92 + $1,388,122.98 = $6,940,614.90).

45.     Accordingly, the amount of attorneys' fees at stake in this case add even more to the amount in controversy.

46.     Finally, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied by the 629 Proposed Class Members identified herein above. *See* 28 U.S.C. § 1332(d)(5)(B).

## VI.     DEFENDANT LINCARE PHARMACY SERVICES INC. HAS CONSENTED TO THE REMOVAL

47.     All defendants who have been properly joined and served must join in or consent to the removal of a civil action over which the district courts have original jurisdiction. 28 U.S.C.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

12     DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
WSACTIVELLP:13598248.1

1   § 1446.  Defendant Lincare Pharmacy Services Inc. has consented to the removal of the action.

2   **VII.   NOTICE OF REMOVAL**

3           48.     A copy of this notice of removal will be filed with the Clerk of the Superior Court

4   of the State of California, County of Tulare.

5           49.     By removing the action to this Court, Defendants do not waive any defenses,

6   objections, or motions available to them under state or federal law.  Defendants expressly reserve

7   the right to require that the claims of Plaintiff and/or all members of the putative class be decided

8   on an individual basis.

9           50.     WHEREFORE, Defendants pray that the Court remove this civil action from the

10   Superior Court of the State of California, County of Tulare, to the United States District Court for

11   the Eastern District of California.

12                                          Respectfully submitted,

13   Date:   November 28, 2022             FORD & HARRISON LLP

14

15                                         By:  */s/ Min K. Kim*

16                                              David L. Cheng
                                                Min K. Kim

17                                              Attorneys for Defendants,
                                                LINCARE INC. and LINCARE PHARMACY

18                                              SERVICES INC.

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL
                                                              WSACTIVELLP:13598248.1

## PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **November 28, 2022**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT LINCARE INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1367(a), 1441(a), 1441(b), 1446 AND 1453**

| | |
|---|---|
| Matthew J. Matern, Esq.<br>Joshua D. Boxer, Esq.<br>Clare E. Moran, Esq.<br>MATERN LAW GROUP, PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>Tel.:  (310) 531-1900<br>Fax:  (310) 531-1901<br>Email: mmatern@maternlawgroup.com<br>        jboxer@maternlawgroup.com<br>        cmoran@maternlawgroup.com | Attorneys for Plaintiff,<br>JENNIFER PROSTEK |

☒ **BY U.S. MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **ELECTRONICALLY:**  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **November 28, 2022**, at Los Angeles, California.

_____
Lillian Marquez

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:13598248.1                    1                    PROOF OF SERVICE